UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOHN R GRAYBILL, and PARTICIA GOFF-GRAYBILL,<br><br>    Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant.<br>_____/ | No. C 12-05802 LB<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER RE STIPULATION TO FILE AN AMENDED COMPLAINT |

On November 15, 2012, Defendant filed a motion to dismiss Plaintiffs' complaint and noticed the hearing for January 17, 2013. *See* ECF No. 5.[1] Plaintiffs' subsequently filed a motion for an extension of time to respond to Defendant's motion, which the Defendant did not oppose. *See* ECF No. 11. The court granted the unopposed motion and gave Plaintiffs until December 10, 2012, "to respond to the Motion to Dismiss." Order, ECF No. 14 at 2.

Shortly after midnight on December 11, 2012, Plaintiffs responded to the motion to dismiss by filing an opposition. Opp'n, ECF No. 16. On December 12, 2012, they filed an amended opposition (erroneously filed as a reply), though they neither sought nor received leave to do so. *See* Amended Opp'n, ECF No. 17.

The court has not read the parties' briefs in any detail. Nonetheless, the court notes that

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-05802 (ORDER)

1   Plaintiffs argue that they "have a valid claim for fraud although they may need to amend their

2   complaint with more specific averments" and they seek leave to amend. *Id.* at 23.

3   Generally, plaintiffs try to fix inadequacies in their pleadings before their claims are dismissed

4   by filing an amended complaint. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may

5   amend its pleading once as a matter of course within . . . 21 days after service of a motion under

6   Rule 12(b) . . . ." Because the court extended the time for Plaintiffs "to respond to the Motion to

7   Dismiss" they did not need further leave to file an amended complaint by December 10, 2012. At

8   this time, however, they do need the court's permission.

9   In this situation, it seems that the interests of judicial economy and reducing litigation costs may

10  favor allowing Plaintiffs to file an amended complaint before additional resources are invested in the

11  pending motion to dismiss. This is particularly apparent given that federal courts liberally grant

12  leave to amend following dismissal. In order to preserve the parties' and the court's resources, the

13  parties are ORDERED to meet-and-confer in person or by telephone no later than 5:00 pm,

14  December 14, 2012 to discuss the propriety of Plaintiffs' filing an amended complaint. In lieu of a

15  reply brief, Defendant may file a stipulation agreeing to allow Plaintiffs to amend their complaint by

16  an agreed date. Otherwise, in light of Plaintiffs' untimely filings, Defendant has until December 19,

17  2012 to file its reply.

18  In addition to Plaintiffs' untimely filing of its original opposition and their failure to seek leave

19  to file an amended opposition, the court notes that Plaintiffs' brief fails to comply with the local

20  rules regarding formatting. To prevent such problems going forward, the court ORDERS Plaintiffs'

21  counsel to read the Northern District of California's Civil Local Rules and the undersigned's

22  standing orders and ensure that future filings comply with them.

23  **IT IS SO ORDERED.**

24  Dated: December 13, 2012

25  _____
    LAUREL BEELER
    United States Magistrate Judge